**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELSIE KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-5892 |
| v. ) | Honorable Robert M. Dow, Jr. |
| ) | |
| JACKIE LUGO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [7] For the reasons stated below, the Court grants the motion to dismiss without prejudice.

**I.  Background**

Plaintiff filed an employment discrimination action against Jackie Lugo, Plaintiff's former supervisor at the United States Postal Service, in the Circuit Court of Cook County, Illinois, on August 20, 2010. [See Ex. A to 3] Defendant removed the case to federal court on September 17, 2010, under 28 U.S.C. § 1442(a). [3] Defendant filed the instant motion to dismiss the case for lack of subject matter jurisdiction [7].[1] Defendant submits that the derivative jurisdiction rule prevents this Court from hearing Plaintiff's case – which arises out of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Service Reform Act

---

[1]  On October 6, 2010, the Court set a briefing schedule pursuant to which Plaintiff's response to Defendant's motion was due on November 3. [See 9] On October 12, 2010, the Court reminded Plaintiff to file her *pro se* appearance promptly. [See 10] Plaintiff has neither filed her *pro se* appearance nor filed a response to Defendant's motion.

1

("CSRA") – since the state court in which Plaintiff initially filed the suit lacked jurisdiction over Plaintiff's case.

**II.     Analysis**

Title VII and the CSRA provide the exclusive judicial remedy for claims of federal employment discrimination. See *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 8305 (1976) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Ayrault v. Pena*, 60 F.3d 346, 348 (7th Cir. 1995) (holding that the CSRA "essentially preempted the field by superceding preexisting remedies for all federal employees" (internal citations omitted)). Thus, this Court would have had jurisdiction to hear Plaintiff's case (provided that all other jurisdictional requirements of Title VII and the CSRA were met[2]) had Plaintiff brought the case in federal court in the first instance. However, under the derivative jurisdiction rule, a federal court to which an action is removed from state court acquires jurisdiction only derivatively from the state court. See *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Block v. Block*, 196 F.2d 930, 933 (7th Cir. 1952); *McCarter v. John Hancock Center, et al.*, 2002 WL 31875470, at *2 (N.D. Ill. Dec. 26, 202) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Here, Defendant contends, because the state court in which this action was originally filed did not have jurisdiction to hear the case, this Court also has none. See *Edwards*, 43 F.3d at 316.

---

[2]  Even if Plaintiff had filed this action in federal district court in the first instance, this Court would not have jurisdiction over her Title VII claim unless Plaintiff first exhausted her administrative remedies by filing a charge with and receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). See *Chambers v. Am. Trans Air*, 17 F.3d 998, 1003 (7th Cir. 1994). Similarly, the Court would not be able to review a CSRA claim unless the administrative remedies set forth in 5 U.S.C. § 1214 were exhausted. It is unclear from the face of the complaint that Plaintiff filed in the Cook County Circuit Court whether Plaintiff has exhausted her administrative remedies under either statute. The Court notes that if Plaintiff has not yet exhausted her administrative remedies, she may be time-barred from doing so now. See 42 U.S.C. § 2000e-5(e)(1); 5 U.S.C. § 1214.

In 1986 and again in 2002, Congress amended the removal provision under 28 U.S.C. § 1441 to eliminate the derivative jurisdiction rule in cases removed under that provision. See 28 U.S.C. § 1441(f) (providing that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim"). The circuit courts of appeals are divided as to whether the amendment to § 1441 abrogated the derivative jurisdiction rule for all removal provisions – including § 1442 – or whether the rule survives for cases removed under sections other than § 1441. Compare *Edwards*, 43 F.3d at 316 (holding that the derivative jurisdiction rule applies in cases removed under § 1442); *Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236, 245 (4th Cir. 2007) (same); *In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (same) with *North Dakota v. Fredericks*, 940 F.2d 333, 337 (8th Cir. 1991) (holding that the amendment of § 1441 "supports the complete abandonment of the derivative-jurisdiction theory, even though the words of the statute clearly do not reach this far").

The Seventh Circuit has not ruled on whether the derivative jurisdiction rule as applied to § 1442 survived Congress's 2002 amendment to § 1441. However, in view of the still-binding decision in *Edwards* – which was issued after the 1986 amendment to § 1441 – the Court applies the derivative jurisdiction rule to the instant action.

Because the state court in which Plaintiff originally filed suit lacked jurisdiction to hear Plaintiff's claims, this Court acquired no jurisdiction when Defendant removed the case under § 1442(b). See *Edwards*, 43 F.3d at 316. The Court therefore grants Defendant's motion [7] and dismisses the case without prejudice. To the extent that Plaintiff can satisfy all other

jurisdictional requirements of her Title VII and CSRA claims, Plaintiff may file a new complaint in federal district court as appropriate.

## III.     Conclusion

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction [7] is granted, and Plaintiff's case is dismissed without prejudice.